

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-13-2008

# Baloch v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2183

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Baloch v. Atty Gen USA" (2008). *2008 Decisions*. Paper 662.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/662

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2183
_____

MOHAMAD ALI BALOCH,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of Order of the
Board of Immigration Appeals
(Agency No. 98-580-084)
Immigration Judge:  Honorable Miriam K. Mills

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
AUGUST 13, 2008

Before:  SLOVITER, STAPLETON and COWEN, Circuit Judges

(Opinion filed : August 13, 2008)
_____

OPINION
_____

PER CURIAM

The petitioner, a citizen of Pakistan, seeks review of a final order of the Board of

Immigration Appeals ("BIA").  For the following reasons, we will grant the petition for

review.

I.

Mohamad Ali Baloch entered the United States on September 13, 2003, on a non-immigrant visa. He filed a timely application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"),[1] claiming that he had been persecuted for his membership and role in the Pakistan People's Party ("PPP").

At his removal proceedings, Baloch testified that he was a mid-ranking member of the PPP, and part of the Asif Ali Zardari committee, which supported prison release of Zardari—the husband of Benizar Bhutto, the former prime minister and head of the PPP. Baloch testified that he was arrested in June 2002 at his apartment in Karachi. He stated that the police did not have a warrant—or First Information Report ("FIR")—and that he has never seen the FIR, which the police claimed was at the police station.[2] Baloch was taken to a police station and interrogated. When he refused to make a statement against Zardari, the police officers beat him with a baton—fracturing his wrist and injuring his ear. The police tortured him for the next three days by forcing him to wear only his underwear and lay on blocks of ice, and by shining bright lights directly into his eyes.

---

[1]  United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85, implemented in the United States by the Foreign Affairs Reform and Restructuring Act of 1998, 8 U.S.C. § 1231.

[2]  Baloch also testified that the attorney who represented him in Pakistan (whom he has never met) has unsuccessfully requested to see the FIR. There was also apparently a warrant for him in Pangjur, Pakistan, where he has another home. In his affidavit, Baloch stated that his PPP associates had obtained a copy of that warrant. (A.R. 211.)

2

Baloch was then moved to a different jail, where he was detained for two months.  He was eventually released after a judicial hearing.  Baloch testified that his detention and release were documented in two newspapers.  Although Baloch did not submit either of the newspapers as evidence, he introduced a picture of his release that he claimed was taken by a photo-journalist.

The day after Baloch was released from jail, he was approached by a group of men who threatened to kill him.  He believed that the men were members of the Muttahida Quami Movement ("MQM")[3] because their car was decorated with the MQM flag and decals.  Baloch went into hiding for a year and then came to the United States.  After arriving in the United States, he applied to extend his visa, and then applied for asylum after learning that two of his friends and PPP colleagues had been killed.  He believed and continues to believe that it would be dangerous for him to return to Pakistan.

To support his testimony, Baloch submitted, among other things, an affidavit, a 1995 article from a Pakistani newspaper detailing his early political career, two letters from PPP officials describing his party activities, arrest and detention, a letter regarding the murders of his colleagues, country reports, and numerous photographs.  Baloch's attorney represented that he had unsuccessfully tried to obtain his medical records from Pakistan.

---

[3]    Baloch asserted that the MQM, a rival political party, has a long-standing animosity against the PPP and is aligned with the government.

The Immigration Judge ("IJ") denied Baloch all relief except for voluntary departure. She determined that he had "failed to establish his eligibility for relief because he failed to reasonably explain why he had produced no corroboration of the most significant underlying events of his claim as the Court would reasonably have expected him to do." (A.R. 55.) Specifically, she questioned his failure to obtain his medical records, arrest records, and newspaper reports corroborating his claim that his release from jail was the subject of two articles. The opinion later stated that "[r]espondent's own testimony was too weak and further rendered incredible in light of his failure to produce corroboration." The IJ never made an express credibility determination.

The BIA affirmed on March 28, 2007 based on Baloch's failure to substantiate his testimony with sufficient evidence. The BIA did not make a credibility finding, nor did it reference any such finding by the IJ. Rather, it found that Baloch did not submit copies of his medical records, or "explain why he has not been examined by a physician in the U.S.," and stated that "although the police reportedly had an arrest warrant when they took [Baloch] into custody, and his incarceration and release from prison was reported by the media, [Baloch] has failed to submit a copy of the [FIR] or any newspaper articles confirming his political activity or incarceration." (A.R. 2, 3.)

Through counsel, the petitioner filed a petition for review in this Court seeking review of the determinations that he was ineligible for relief.

4

Baloch seeks review of the BIA's order dismissing his appeal from the IJ's denial of his claim for asylum. We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). Because the BIA conducted an independent examination of the record and did not adopt any part of the IJ's opinion or announce that it was deferring to the IJ's findings, we review its decision only. See Abdulai v. Ashcroft, 239 F.3d 542, 549 n.2 (3d Cir. 2001).

We will uphold the BIA's findings to the extent they are "supported by reasonable, substantial and probative evidence on the record as a whole." Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003). Because the BIA did not make any credibility finding, we proceed as if Baloch's testimony was credible. Id. at 235. A credible applicant may be required to corroborate his testimony, but before denying relief on this basis, the BIA must engage in the following three-part inquiry: (1) "an identification of facts for which it is reasonable to expect corroboration; (2) the presence or absence of corroboration in the record; and (3) the adequacy of the applicant's explanation for its absence." Toure v. Att'y Gen., 443 F.3d 310, 323 (3d Cir. 2006); Abdulai, 239 F.3d at 554. If the BIA does not engage in this inquiry, its findings regarding corroboration must be vacated and the case remanded.[4] See Abdulai, 239 F.3d at 554-55.

---

[4] The REAL ID Act of 2005, which was adopted on May 11, 2005, Pub. L. No. 109-13, 119 Stat. 231, et seq., created new standards to guide factfinders in determining when corroborating documents are necessary in proceedings involving removal proceedings.

The BIA's decision is not supported by substantial evidence in the record.  First, it mischaracterized the record.  See Chavarria v. Gonzales, 446 F.3d 508, 517-18 (3d Cir. 2006) (finding that because the BIA mischaracterized the evidence supporting the petitioner's claims, its factual findings were not supported by substantial evidence). Although the BIA found otherwise, there was no evidence that the police had an FIR when they arrested Baloch in Karachi.  In fact, Baloch testified that the police did not have one, which is consistent with his affidavit that states that he has never seen the FIR. (A.R. 98, 211.)  Baloch also testified that his attorney in Pakistan unsuccessfully attempted to obtain the FIR.[5]  (A.R. 101-102.)  The BIA then determined that Baloch did not submit any newspaper articles "confirming his political activity."  This statement is also incorrect, as Baloch submitted a June 22, 1995 article from the Pakistani newspaper, *The Daily Bolan*, which discusses his early political activity.  (A.R. 233-35.)  While there are no articles from a Pakistani newspaper detailing his later political activity, there are two letters from PPP officials stating that he was involved in the party after his detention. (A.R. 229, 230.)  By mischaracterizing a credible applicant's testimony and evidence, the BIA "succeeded in reaching a conclusion not supported by substantial evidence."  See

See REAL ID Act of 2005 § 101(a)(3), (c), and (d), 119 Stat. at 303-04.  However, these new standards apply only to applications made after the effective date of the Act and do not apply to this case.  See Chen v. Gonzales, 434 F.3d 212, 216 n.2 (3d Cir. 2005).

[5]    As evidence of his arrest, in addition to his credible testimony, he presented an affidavit from his servant, and two letters from PPP officials.  (A.R. 191, 229, 230.) Although the IJ gave little weight to these documents because she did not believe that Baloch had provided a foundation, they were admitted.

<u>Chavarria</u>, 336 F.3d at 518.

Second, the BIA failed to engage in a complete <u>Abdulai</u> analysis. <u>See</u> 239 F.3d at 554. Although the BIA's opinion implies that Baloch needed to corroborate all of the facts that underlay his claim, it did not address Baloch's explanations for not submitting this evidence. For example, Baloch stated that he had never seen the Karachi FIR, and that his Pakistani attorney had been unable to obtain it. (A.R. 98, 101-02, 211) Additionally, Baloch's attorney stated that he had requested the medical records from Pakistan, but had not received them. (A.R. 104-06.) We make no finding as to whether these explanations are sufficient, but the BIA was required to address them. <u>See</u> <u>Abdulai</u>, 239 F.3d at 554-55.

Because it mischaracterized the evidence and failed to engage in the <u>Abdulai</u> analysis, we cannot say that the BIA's opinion in supported by substantial evidence. Accordingly, we will grant the petition for review, vacate the BIA's order, and remand for further proceedings.